UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:23-cv-10436-FDS

FIRST BAPTIST CHURCH IN NEWTON,   )
Plaintiff                                                          )
                                                                        )
v.                                                                    )
                                                                        )
CHURCH MUTUAL INSURANCE COMPANY, )
Defendant.                                                      )
                                                                        )

# FIRST AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff, First Baptist Church in Newton, is a religious institution located in the Commonwealth of Massachusetts with an address of 848 Beacon Street, Newton Centre, MA 02459.

2. Defendant, Church Mutual Insurance Company, S.I. ("Church Mutual") is an insurance company with its principal place of business located at 3000 Schuster Lane, P.O. Box 357, Merrill, WI 54452.

3. Church Mutual is licensed as an insurance company in Massachusetts.

## JURISDICTION AND VENUE

4. The Superior Court has original subject matter jurisdiction of this action pursuant to G.L. c. 212, § 4 and G.L. c. 214, § 1.

5. This Court has personal jurisdiction pursuant to G.L. c. 223A, § 3 because Church Mutual transacts business in the Commonwealth, contracts to supply service in the Commonwealth, and contracts to insure property and risk located within the Commonwealth at the time of contracting.

6. Venue is appropriate in Suffolk County pursuant to G.L. c. 223, §§1 and 8.

## FACTS

7. Plaintiff owns the property located at 848 Beacon Street, Newton Centre, MA ("the Property").

8. In 2021, Plaintiff sustained a loss at the Property when the bell tower sustained a collapse caused by hidden decay ("the Loss").

9. At all relevant times, Defendant insured the Property with Policy Number 0209770-02-336567 ("the Policy"), and Defendant has insured the Property since 2004.

10. Plaintiff filed a claim for the Loss under the Policy with Defendant.

11. The Policy contains the following language:

> **D. ADDITIONAL COVERAGE – COLLAPSE**
>
> The term Covered Cause of Loss includes the Additional Coverage – Collapse as described and limited in D. 1. through D. 5. below.
>
> 1. With respect to buildings:
>
>    a. Collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose;
>
>    b. A building or any part of a building that is in danger of falling down or caving in is not considered to be in a state of collapse;
>
>    c. A part of a building that is standing is not considered to be in a state of collapse even if it has separated from another part of the building;
>
>    d. A building that is standing or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage, or expansion.
>
> 2. We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if the collapse is caused by one or more of the following:
>
>    a. The "specified causes of loss"' or breakage of building glass, all only as insured against in this Coverage Part;
>
>    b. Decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

12. The "Additional Coverage – Collapse" provision provides coverage for the collapse sustained to the Property caused by decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse.

13. The Loss was a collapse caused by decay that was hidden from view, and the presence of such decay was unknown to the insured prior to the collapse.

14. The Loss is covered under the Policy.

15. On or about February 3, 2023, Defendant denied coverage for the Loss under the Policy.

16. Defendant's declination of coverage letter failed to articulate a reasonable explanation of the basis in the underlying facts, the Policy and the law for refusing to afford coverage for the Loss because the language contained in the Policy plainly and clearly afforded coverage for the Loss.

17. Defendant failed to conduct a prompt and thorough investigation into both coverage and the amount of the loss.

18. Defendant intentionally delayed affirming coverage, including rendering any coverage position at all.

19. As part of its delay tactics, Defendant made unreasonable and burdensome requests to Plaintiff for immaterial and irrelevant documentation.

20. Defendant erred in denying coverage under the Policy.

21. Defendant refused to acknowledge that the collapse was caused by decay that was hidden from view, and that the presence of such decay was unknown to the insured prior to the collapse.

22. Defendant is of the regular, intentional business practice of denying collapse claims caused by hidden decay when coverage is plainly afforded under the policy. *See, e.g., Easthampton Congressional Church v. Church Mut. Ins. Co.*, 916 F.3d 86 (1st Cir. 2019).

23. Defendant refused to provide documentation in its possession regarding the pre-loss condition of the Property, including pre-loss inspection reports and photographs, despite Plaintiff's numerous requests, in an effort to conceal the fact that the decay was hidden and in an effort to avoid coverage.

24. Defendant has refused to fully, fairly or sufficiently indemnify Plaintiff for the damage sustained as a result of the Loss.

## COUNT I
## (Breach of Contract)

25. Plaintiff restates, realleges and incorporates by reference each preceding Paragraph of the Complaint as if specifically set forth herein.

26. As stated above, the Plaintiff purchased the Policy, a contract, from Defendant.

27. The Policy provides coverage for the Loss.

28. Defendant has failed to provide coverage for the Loss under the Policy.

29. Defendant has failed to indemnify Plaintiff for the damages sustained as a result of the Loss under the Policy.

30. Defendant breached its contract, the Policy, with Plaintiff.

31. As a direct and proximate result of Defendant's breaches, the Plaintiff has sustained and continues to sustain damages.

## COUNT II
## (Common Law Bad Faith: Breach of Implied Covenant of Good-Faith and Fair Dealing)

32. Plaintiff restates, realleges and incorporates by reference each preceding Paragraph of the Complaint as if specifically set forth herein.

33. Defendant owed and continues to owe Plaintiff a duty of good-faith and fair dealing by nature of the contractual relationship set forth by the Policy.

34. Defendant is of the regular, intentional business practice of denying collapse claims caused by hidden decay when coverage is plainly afforded under the policy. *See generally Easthampton Congregational Church v. Church Mutual Insurance*, 916 F.3d 86 (1st Cir. 2019).

35. The conduct of the Defendant, as stated herein, breached its common law duty of good-faith and fair dealing.

36. As a direct and proximate result of Defendant's breach, Plaintiff has suffered and continues to suffer damages.

## COUNT III
## (Violations of G.L. 93A)

37. Plaintiff restates, realleges and incorporates by reference each preceding Paragraph of the Complaint as if specifically set forth herein.

38. At all relevant times, Defendant was and is engaged in trade or commerce as defined by G.L. c. 93A, § 1(b).

39. At all relevant times, Defendant was engaged in the business of insurance, inclusive of selling policies of insurance against certain risks of loss and is subject to the terms and provisions of the implied covenant of good faith and fair dealing in insurance contracts, the common law duty of the reasonable, objective or good faith insurer, and the absence of subjective bad faith in claims decisions under G.L. c. 176D, § 3(9), relative to the settlement and handling of the claim described herein.

40. The conduct of Defendant, as stated herein, occurred primarily and substantially within Massachusetts.

41. The conduct of Defendant, as stated herein, constitutes unfair and deceptive acts or practices in violation of G.L. c. 93A, §§ 2 and 11.

42. Defendant is of the regular, intentional business practice of denying collapse claims caused by hidden decay when coverage is plainly afforded under the policy. *See generally Easthampton Congregational Church v. Church Mutual Insurance*, 916 F.3d 86 (1st Cir. 2019).

43. Defendant has intentionally, willfully and knowingly: failed to provide coverage, refused to provide relevant documentation of the pre-loss condition, failed to conduct a reasonable, prompt and proper investigation, delayed its investigation, delayed affirming coverage, and made unreasonable and burdensome requests to Plaintiff for immaterial and irrelevant documentation

44. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(a) for "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."

45. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(b) for "[f]ailing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies."

46. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(c) for "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies."

47. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(d) for "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information."

48. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(g) for "[c]ompelling insureds to institute litigation to recover amounts due under an insurance

policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds."

49. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(f) for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

50. The conduct of Defendant, as stated herein, constitutes a violation of G.L. c. 176D § 3(9)(n) for "[f]ailing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

51. As a direct and proximate result of Defendant's violations, Plaintiff has suffered and continues to suffer damages.

## COUNT IV
### (Declaratory Judgement)

52. Plaintiff restates, realleges and incorporates by reference each preceding Paragraph of the Complaint as if specifically set forth herein.

53. An actual controversy exists regarding the rights and obligations of the parties under the applicable policy.

54. This Court has jurisdiction to enter a declaratory judgment in this matter declaring the rights and obligations of the parties as requested.

55. Among other things, this Court should declare that i) coverage is afforded under the Policy for the Loss; ii) Defendant willfully and knowingly violated G.L. c. 93A; and iii) Defendant breached the implied covenant of good faith and fair dealing.

## DEMANDS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court:

1. Enter a judgment in favor of the Plaintiff on all counts prayed herein;

2. Declare that i) coverage is afforded under the Policy for the Loss; ii) Defendant willfully and knowingly violated G.L. c. 93A; and iii) Defendant breached the implied covenant of good faith and fair dealing.

3. Award Plaintiff costs, expenses, triple damages and reasonable attorneys' fees; and

4. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

                                      Respectfully submitted,
                                      Plaintiff,
                                      By its Attorneys,

*/s/ Brendan L. Labbe*

Anthony J. Antonellis, Esq. – BBO# 557964
Brendan L. Labbe, Esq. – BBO# 697274
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
617-523-6010
AAntonellis@sloanewalsh.com
Blabbe@sloanewalsh.com

DATED: March 8, 2023

## CERTIFICATE OF SERVICE

I, Brendan L. Labbe, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                      */s/  Brendan L. Labbe*
                                      Brendan L. Labbe

Dated: March 8, 2023