IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIRST BAPTIST CHURCH IN NEWTON,<br>     Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, S.I.,<br>     Defendant. | Civil Action No: 1:23-cv-10436-FDS |

**PLAINTIFF, FIRST BAPTIST CHURCH IN NEWTON'S OPPOSITION TO MOTION OF DEFENDANT CHURCH MUTUAL INSURANCE COMPANY FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION OF THE PLAINTIFFS**

Plaintiff, First Baptist Church in Newton ("First Baptist") hereby opposes Defendant's Motion to the take the Fed. R. Civ. P. 30(b)(6) deposition of First Baptist. As discussed in more detail below, Defendant's Motion should be denied because fact discovery closed long ago, Defendant's counsel repeatedly represented to Plaintiff's counsel that Defendant would not be taking any fact depositions, Defendant's counsel repeatedly indicated to the Court that it was not seeking any fact depositions, Defendant is acting in bad faith by seeking to take a second bite of the discovery apple now that it lost its frivolous Motion for Summary Judgment, and permitting the deposition would thus be patently unfair and cause undue delay.

By way of background, the subject litigation was initiated in Suffolk Superior Court on February 1, 2023. Defendant removed the case to the United States District Court for the District of Massachusetts on February 23, 2023 (Dkt. # 1). This Court entered the initial scheduling order

on May 1, 2023, with a fact discovery deadline of December 1, 2023 (Dkt. # 22).  Fact discovery was later extended to March 29, 2024 (Dkt. # 20).  Fact discovery is now closed.[1]

At no point during this time did Defendant seek the deposition of First Baptist, or any deposition for that matter.  Whereas, First Baptist conducted the fact depositions of Defendant's former adjuster, Defendant's current adjuster, and Defendant's engineer (fact witness as part of the claim investigation) in March of 2024. Following those depositions, only the 30(b)(6) deposition of Defendant remained, which the parties agreed to conduct outside of the fact discovery deadlines (because Defendant had repeatedly avoided said deposition).  As such, with the other fact depositions completed, expert deadlines were later extended on May 10, 2024 (Dkt. # 40) and then again on August 20, 2024, 2024 (Dkt. # 42) so that the parties could attempt mediation.  When seeking these extensions, Defendant did not seek an extension of time for opportunity to conduct the deposition of First Baptist.

In fact, for the entire duration of this litigation, at the outset of fact discovery, and subsequently throughout the course of litigation, Defendant's counsel consistently expressly represented to Plaintiff's counsel that Defendant was not seeking to take any fact depositions. Likewise, Defendant has never expressed a desire to conduct the deposition of First Baptist at any appearances before this Court. For instance, at the hearing on the parties' cross motions regarding the 30(b)(6) deposition of Defendant, Defendant never indicated that it would need or seek a deposition of First Baptist if the (at the time) forthcoming Motion for Summary Judgment was unsuccessful.  Similarly, at the hearing on the Motion for Summary Judgment, further deadlines

---

[1] Throughout this litigation, First Baptist has repeatedly sought the 30(b)(6) deposition of Defendant.  Defendant consistently delayed and avoided said deposition.  This was the subject of motions before this Court on January 14, 2025.  Upon agreement of the parties, and subsequently per the Court, First Baptist has been permitted to take the 30(b)(6) deposition of Defendant, which is now scheduled to occur on May 23, 2025.

3739860.v1

were discussed. Once again, Defendant did not express its desire to conduct the 30(b)(6) deposition of First Baptist. Likewise, in the recent Joint Proposed Scheduling Order, Defendant again did not seek the deposition of First Baptist (Dkt. # 69).

Yet now, only after losing its Motion for Summary Judgment, Defendant suddenly and for the first time seeks to take the deposition of First Baptist. Permitting such would be plainly unfair, as it would be allowing Defendant to take a second bite of the fact discovery apple. A party cannot sit on its hands for two years throughout discovery, seek frivolous dispositive relief, lose said motion, and then seek to re-open fact discovery when it is faced with a fast-approaching trial date. Doing so would undermine the very purpose of setting scheduling orders, and it would permit (if not encourage) improper gamesmanship in litigation. It will also cause undue delay, with expert disclosures due in a mere forty-five (45) days.

Next, Defendant's contention that its Motion for Summary Judgment was filed on a good faith belief that there was no issue of material fact as it relates to hidden decay is patently disingenuous. By the very nature of the dispute, as set forth in the First Amended Complaint and the Second Amended Complaint, as indicated in Answers to Interrogatories, and as is readily apparent through the depositions conducted by First Baptist, the issue of hidden decay has been at the forefront of this dispute. Further, Defendant was well aware that the issue was contested, as demonstrated not only by the foregoing, but also by the fact that the testimony of Defendant's own adjusters and engineer supported a finding that a collapse occurred and that it was due to hidden decay, as outlined in First Baptist's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 64). Defendant cannot simply ignore all of the other issues comprising a dispute during the course of litigation because it is so confident (without any merit) that it will succeed on a different issue (an issue which pertained to policy language that this Court and other courts have repeatedly found

3739860.v1

to be ambiguous), then seek to start anew on the previously ignored issue once it loses on the first issue.  That is furthest thing from "good faith."

Finally, Rule 56(b) states: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." (emphasis supplied).  As such, Defendant had approximately two (2) years to file said Motion for Summary Judgment.  Defendant likewise had the opportunity to file said Motion and leave itself ample time to conduct fact discovery in the event that the Motion was denied.  Defendant willfully declined to do so.

WHEREFORE, this Honorable Court should DENY Defendant's Motion to the take the Fed. R. Civ. P. 30(b)(6) deposition of First Baptist.

> Respectfully submitted,
> Plaintiff,
> By its Attorneys,
>
> */s/ Brendan L. Labbe*
>
> _____
> Anthony J. Antonellis – BBO# 557964
> Brendan L. Labbe – BBO# 697274
> Sloane and Walsh, LLP
> One Boston Place
> 201 Washington Street, Suite 1600
> Boston, MA 02108
> 617-523-6010
> AAntonellis@sloanewalsh.com
> Blabbe@sloanewalsh.com

Dated: May 15, 2025

3739860.v1

## **CERTIFICATE OF SERVICE**

      I, Brendan L. Labbe, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                  */s/ Brendan L. Labbe*
                                  Brendan L. Labbe

Dated: May 15, 2025